UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 5: 19-130-DCR |
| V. | ) ) | |
| RICHARD C. DUERSON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Following a three-day jury trial in November 2019, Defendant Richard Duerson was convicted of one count of conspiring to distribute methamphetamine and cocaine in violation of Title 21 § 846, and two counts of possession with intent to distribute methamphetamine and cocaine in violation of Title 21 § 841(a)(1)(B). [Record No. 48] He was later sentenced to 200 months of imprisonment. His conviction was affirmed on appeal. [Record No. 101]; *United States v. McFarland*, No. 20-5310, 2021 WL 7367157 (6th Cir. Oct. 4, 2021).

Duerson recently filed a motion requesting a new trial pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure. [Record No. 163] In support, Duerson claims that he recently obtained transcripts showing an alternative interpretation of a recorded phone call that was played during trial. [Record No. 163] More specifically, he argues that, during trial, Officer Scott McIntosh testified that he believed Duerson told co-Defendant Jennifer McFarland to check a "safe" for his car keys, but the newly-generated, third-party transcripts show that Duerson directed McFarland to look for the keys in a "vase." [*Id.* at pp. 2-3; Record No. 95, p. 142] He contends that a new trial is warranted because the transcripts indicating

- 1 -

that he said "vase" are "in direct conflict with" the government's evidence. [Record No. 163, pp. 2-3]

Under Rule 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[I]t is widely agreed that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). For a motion for a new trial based on "newly discovered evidence," the defendant must "file the motion within three years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Additionally, the defendant must show that the new evidence "(1) was discovered after the trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal." *United States v. Hanna*, 661 F.3d 271, 297 (6th Cir. 2011). "Motions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution." *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000) (citation omitted). While Duerson's motion is not time-barred under Rule 33(b), it fails to satisfy any of the Rule's substantive requirements.

Duerson cannot show that his "newly discovered" evidence is, in fact, new. For evidence to be newly discovered, the defendant must show that he did not know about the evidence before or during his trial. In *United States v. Glover*, the defendant claimed that testimony from a witness who had refused to testify during the defendant's trial but later changed his mind was "newly discovered" evidence under Rule 33. 21 F.3d 133, 138 (6th Cir. 1994). The Sixth Circuit Court of Appeals disagreed, finding that the testimony was not "newly discovered" because the defendant knew about the testimony during his trial, even if the witness's refusal to testify made the testimony unavailable at that time. *Id.*; *see also United*

*States v. Turns*, 198 F.3d 584, 588 (6th Cir. 2000) ("The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue."); *United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995) ("Evidence is not newly discovered when it is necessarily known by the defendant at the time of trial.").

Duerson was aware of the purported alternative interpretations of the phone recording at each phase of his trial. And his attorney raised the issue throughout trial and on appeal. [Record Nos. 94, pp. 106-07, 95, p. 142, and 124, p. 5]; *see also* Brief for Defendant-Appellant, *United States v. Duerson*, 2020 WL 7249161, at *16-17, 32-33, 41 (6th Cir. Nov. 30, 2020). Duerson acknowledges that he also knew of the disputed interpretations of the recording before trial, as he states in his motion that he attempted to have "the issue with the recording resolved prior to trial." [Record No. 163, p. 2] Duerson knew that the recording might be subject to conflicting interpretations before, during, and after his trial; therefore, he cannot now claim that the transcripts of that same recording constitute new evidence.

Duerson also fails to explain why he was unable to obtain the transcripts during his trial. A defendant moving for a new trial based on newly discovered evidence must account for his delay in discovering that evidence. *See Baumann v. United States*, 692 F.2d 565, 580 (9th Cir. 1982) (finding that testimony was not "newly discovered" when the "underlying facts relevant to [the defendant's] present allegations of [the evidence] were within his knowledge at the time of trial and could have been substantiated with the exercise of reasonable diligence"). Duerson asserts that he was "dismissed" by his attorney when he attempted to discuss his concerns about the recording with her, but that contention is undercut by trial records showing that his attorney addressed the purported ambiguity at trial when cross-

examining the government's witness. [Record Nos. 94, pp. 106-07, 95, p. 142, 163, p. 2] While Duerson may have wished that his attorney introduced alternate transcripts of the recording instead of questioning the recording's accuracy during cross-examination, he has not shown that this strategy amounts to an inability to obtain the transcripts under Rule 33.

Additionally, the transcripts do not make Duerson eligible for relief under Rule 33 because they merely summarize arguments that Duerson already made at trial. *See Hanna*, 661 F.3d at 297. Duerson's attorney challenged the government's interpretation of the phone recording when examining Officer McIntosh and noted the ambiguity in her closing statement. Thus, the transcripts are merely an alternative strategy for making the same argument already made. The transcripts providing an alternative interpretation are merely cumulative and do not warrant relief.

Finally, Duerson has not shown that the transcripts would result in his acquittal. As the government correctly notes, the phone call at issue occurred after officers discovered the drugs supporting Duerson's possession with intent to distribute charges and, therefore, is unrelated to those charges. [Record No. 164, p. 7] While the phone call supports Duerson's conspiracy conviction (Count 1), the transcripts of that call would likely not have been admitted at trial or, at the very least, the disputed portions of the transcript would have been redacted. *See United States v. Robinson*, 707 F.2d 872, 879 (6th Cir. 1983) ("Where . . . there are inaudible portions of the tape, the court should direct the deletion of the unreliable portion of the transcript."); *United States v. Vinson*, 606 F.2d 149, 155 (6th Cir. 1979) ("[I]t is the preferred practice that transcripts of tapes not be submitted to the jury unless there is a stipulation as to their accuracy."). Because the disputed portions of the transcript would be inadmissible, they would have little to no bearing on the jury's decision with respect to the conspiracy charge.

Finally, even if the transcript were admissible, the "vase"/"safe" distinction is not essential to Duerson's conspiracy conviction. Duerson' attorney stated in her closing argument that it was insignificant whether Duerson said "vase" or "safe" in the phone call. [Record No. 124, p. 5 ("I suppose reasonable people can differ on what was said, a safe or a vase . . . But honestly, that distinction doesn't even make a difference . . . .")]. And, as the Sixth Circuit noted, Duerson's statements in the phone call are not the only evidence of his conspiracy with McFarland. *See United States v. McFarland*, 2021 WL 7367157, at *5 (finding that "unique 'Superman' methamphetamine pills" found in both defendants' apartments and "amounts of drugs recovered from both apartments [that] were consistent with distribution quantities" supported Duerson's conspiracy conviction). To the extent the transcripts would change the jury's interpretation of Duerson's statement in the phone call, that change alone would not lead to a reversal of Duerson's conviction.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for a new trial [Record No. 163] is **DENIED**.

Dated: October 5, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky