UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 19-130-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 5: 22-278-DCR |
| V. ) | |
| ) | |
| RICHARD C. DUERSON, ) | **MEMORANDUM ORDER** |
| ) | **AND OPINION** |
| Defendant/Movant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Richard Duerson filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on October 20, 2022. [Record No. 167] Thereafter, he filed three motions regarding his pending § 2255 motion. [Record Nos. 174, 175, 177] First, Duerson moves for the undersigned to recuse from any further proceedings related to his case because of alleged personal bias. [Record No. 174] Second, Duerson has filed a motion for discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings. [Record No. 175] And finally, he moves to supplement his § 2255 petition by adding claims related to alleged deficiencies at sentencing and his appellate counsel's alleged ineffective assistance. [Record No. 177] Duerson's motions for recusal and discovery are without merit and will be denied. However, the motion to amend his petition will be granted.

**I. Motion for Recusal**

Duerson contends that the undersigned should recuse from presiding over his § 2255 motion because of claimed prejudice against the defendant and bias in favor of the government. [Record No. 177] In support, Duerson cites statements from his trial and sentencing hearing

which, he claims, would lead "any objective, reasonable person" to "question [the undersigned's] impartiality." [*Id.* at p. 1] Specifically, he points to the statement that "this is getting out of control" when, at trial, the Court gathered headsets for the jury to listen to a recording of a phone call between Duerson and his co-defendant. [*Id.* at pp. 1-2] He also cites a statement during his sentencing hearing that the defendant "brought [his co-defendant] into the conspiracy" as evidence of bias. [*Id.* at p. 1] Finally, he points to the Court's decision to admit hearsay statements of a government's witness during trial at trial because Duerson's attorney had asked the witness a question that called for a hearsay response. [*Id.* at p. 2]

Title 28 of the United States Code, section 455(a), calls for judicial disqualification "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "A district court judge must recuse . . . where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (quotation marks omitted). But recusal is not required every time a defendant claims that a judge cannot be impartial toward his case, "no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Instead, the Sixth Circuit has recognized that, to preserve judicial resources, "a judge has a duty not to recuse when there is not a reason for it." *United States v. Parker*, 837 F. App'x 341, 345 (6th Cir. 2020).

The Supreme Court explained when statements or decisions made during a defendant's trial and/or sentencing hearing constitute grounds for recusal:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 541 (1994). An opinion based on an "extrajudicial source" is that which rests upon "some source other than participation in the proceedings or prior contact with related cases." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989). Here, Duerson has not pointed to any extrajudicial sources forming the basis of the comments in his motion that would justify recusal. Statements regarding the headsets at his trial related to facts introduced during the proceeding, and the statement at his sentencing merely highlight the nature and circumstances of his offense, as is required under 18 U.S.C. § 3553(a).

Duerson's disagreement with the Court's decision to admit hearsay statements during trial would have been more properly addressed on appeal, rather than in a recusal motion. Moreover, none of the statements Duerson cites come close to evincing a "deep seated-favoritism or antagonism" that would prevent the undersigned from judging impartially. *Liteky*, 510 U.S. at 541, 555 (citing *Berger v. United States*, 255 U.S. 22, 65 (1921)) (listing district judge's statement that the "hearts [of German-Americans] are reeking with disloyalty" as evidence of deep-seated antagonism).

Duerson's motion for recusal will be denied because he has not and cannot demonstrate any personal bias.

## II. Motion for Discovery

Duerson moves for leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. [Record No. 175] More specifically, he seeks the disclosure of all communications from the United States to defense counsel concerning "pictures, jailhouse recordings, an alibi defense, plea agreements, and exculpatory evidence." [*Id.* at p. 1] Duerson has also attached proposed interrogatories directed to counsel for the United States, two of his previous attorneys and his co-defendant's trial attorney, asking various questions related to his claims of ineffective assistance of counsel. [Record No. 176] Duerson contends that receiving his requested information will help develop his claim that he was denied effective assistance when his attorney "failed to investigate [his case] for possible defenses." [Record No. 175-1, p. 1] He also claims that his attorney has "refused to disclose [his] case file or any correspondence from [the government]." [*Id.*]

"Unlike a typical civil litigant, a movant seeking relief under § 2255 'is not entitled to discovery as a matter of ordinary course.'" *United States v. Atkin*, 80 F. Supp. 2d 779, 785 (N.D. Ohio 2000) (citation omitted). Under Rule 6(a), a district court may authorize a movant to conduct discovery upon a showing of good cause. "Good cause is established 'where specific allegations . . . show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate' entitlement to relief." *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012). The touchstone of demonstrating good cause under Rule 6 is specificity: to meet his burden, the defendant must "point to specific evidence that might be discovered that would support his constitutional claims." *Burns v. Lafler*, 328 F. Supp. 2d 711, 718-19 (E.D. Mich. 2004) (citation omitted). While a defendant need not show that his requested discovery would "unquestionably lead to a cognizable claim for relief," conclusory

statements that further discovery would support his constitutional claims are insufficient. *Keenan v. Bagley*, 262 F. Supp. 2d 826, 838 (N.D. Ohio 2003).

Here, the defendant has not established good cause. Duerson generally claims that he believes discovery will buttress his Sixth Amendment claims, but he has failed to explain exactly how the requested information will support those claims. And he has not provided any information that communications between his trial attorney and the United States will show how his attorneys provided ineffective assistance by failing to adequately investigate his case, or how his due process rights allegedly were violated at trial. Duerson is expected to receive a comprehensive account of his attorneys' efforts in preparing for his case by way of the government's response to his motion, and he has not established that any evidence beyond that is needed.

Moreover, Duerson has not shown that the information he seeks is material to his claims. *See Hardison v. United States*, No. 3:07-cr-10, 2012 WL 13080383, at * 3 ("If the Petitioner would not be entitled to relief, even if all of the facts anticipated by discovery were found in his favor, then no abuse of the court's discretion will occur if the Petitioner's request for discovery is denied."). Many of the allegations made in the defendant's interrogatories suggest facts that, even if true, would not establish that trial or appellate counsel provided constitutionally defective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

Having failed to show good cause under Rule 6 of the Rules Governing Section 2255 Proceedings, Duerson's motion for discovery will be denied.

### III. Motion to Amend

Finally, Duerson's third motion requests to amend or supplement his § 2255 motion to add claims related to his appellate counsel's assistance and his sentencing. [Record No. 177]

Rule 15 of the Federal Rules of Civil Procedure is applicable to proceedings under § 2255. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Pursuant to Rule 15(a)(1), a party may amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  In other cases, a party may amend its pleading with "the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The Court should freely give leave when justice so requires."  *Id.*

Duerson filed his § 2255 petition on October 20, 2022, and this Court directed the United States to serve its response on or before December 9, 2022.  [Record Nos. 167, 173]  Although 21 days have passed since Duerson filed his initial § 2255 petition, his motion to amend will be granted in the interest of justice.  *See Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (identifying four factors for consideration when evaluating whether the interests of justice support granting a motion to amend: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment").  Granting Duerson's motion will not impose an undue burden on the parties because three weeks remain for the government to serve its response.  [*See* Record No. 173.]  Additionally, there is no evidence that Duerson delayed filing his motion to amend or that he acted in bad faith.  Finally, granting his request would not necessarily be futile because Duerson identifies several material, nonduplicative claims to add to his § 2255 petition in his motion to amend.

Because amending Duerson's petition will not prejudice the United States and there is no evidence that Duerson acted in bad faith, his request to amend his petition will be granted.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Defendant Richard Duerson's motion for recusal [Record No. 174] is **DENIED**.

2. Defendant Duerson's motion for discovery and production of documents [Record No. 175] is **DENIED**.

3. Defendant Duerson's motion to amend his § 2255 petition [Record No. 177] is **GRANTED**.

Dated: November 18, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky