UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-130-DCR |
| ) | |
| V. ) | |
| ) | |
| RICHARD C. DUERSON, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury found Defendant Richard Duerson guilty of one count of conspiring to distribute methamphetamine and cocaine, and two counts of possessing with intent to distribute methamphetamine and cocaine. [Record No. 48] He was later sentenced to 200 months' imprisonment. [Record No. 101] The United States Court of Appeals for the Sixth Circuit affirmed Duerson's conviction on appeal. [Record No. 135]

All of Duerson's direct and collateral attacks regarding his conviction and sentence have been exhausted as of this date. However, Duerson has now filed a second *pro se* motion to reopen his previous motion to vacate, set aside, or correct his conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. And once again, Duerson argues that the Court improperly evaluated his ineffective assistance of counsel claim.

The recent pleading is styled as a Rule 60(b) motion to reopen Duerson's Section 2255 proceeding and concerns the same claims for which Duerson previously and unsuccessfully sought a Certificate of Appealability with the Sixth Circuit. *See Duerson v. United States*, 2023 WL 6013685, at \*5 (6th Cir. Aug. 11, 2023) ("Duerson failed to make a substantial

showing of prosecutorial misconduct or ineffective assistance."). In his Section 2255 motion, Duerson argued that the "absence of counsel" during the pretrial stage resulted in constitutionally defective assistance under the Sixth Amendment. His reasserts in the instant motion that the Court erred by evaluating this claim under an improper legal standard.

Rule 60(b) allows a party to seek relief from judgment within a reasonable time for the following reasons: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) satisfied, discharged, or released judgment; or (6) any other reason that justifies relief. *See* FED. R. CIV. P. 60(b). An actual Rule 60(b) motion is used to allege a defect in the integrity of collateral proceedings rather than attack the substance of the Court's resolution of a claim on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Alternatively, "[a] motion brought under Rule 60(b) is a second or successive habeas petition if it contains one or more 'claims.'" *See In re Booker*, 797 F. App'x 959, 962 (6th Cir. 2020) (citing *Gonzalez*, 545 U.S. at 530-531). "[A] motion advances a 'claim' when it 'seeks to add a new ground for relief' or 'if it attacks the federal court's previous resolution of a claim on the merits.'" *Id*. (quoting *Gonzalez*, 545 U.S. at 532). Therefore, if a defendant attacks the resolution of a previous claim on the merits, it is well understood that the motion is considered a § 2255 motion. *See In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007). This understanding is unchanged by the defendant's wishes, even when the defendant argues that "the integrity of the proceedings is LOST." [Record No. 276]

Here, Duerson seeks to relitigate the same substantive claim for the third time. Specifically, he now alleges that a "mistake" occurred when the Court denied his Section 2255 motion. But Duerson directly attacks the resolution of his unsuccessful motion. Again, he argues that the Court erred by reviewing his ineffective assistance of counsel claim under

*Strickland v. Washington* when it should have relied upon *United States v. Cronic* to determine whether he was deprived of counsel during a critical pretrial stage. According to Duerson, his "counsel was completely absent." [Record No. 276]

As noted previously, the Supreme Court decided *Strickland v. Washington* and *United States v. Cronic* as twin rulings defining the scope of the right to counsel and the requirements a defendant must meet to show deprivation of that right under the Sixth Amendment. Both decisions underscored that deficiencies in counsel's performance *must be prejudicial to the defendant to constitute ineffective assistance under the Constitution*. *Strickland* requires a defendant to show that (1) counsel's performance fell below an objective standard of reasonableness *and* (2) that the performance had a prejudicial impact on the outcome of the case. But *Cronic* presents a carve-out to this general test because, "[i]n certain Sixth Amendment contexts, *prejudice is presumed*," such as when a defendant is completely denied counsel. *See Strickland*, 466 U.S. at 692; *Cronic*, 466 U.S. at 659.

Duerson claims he would have prevailed on his original Section 2255 motion if he only had to show that counsel's performance fell below an objective standard of reasonableness. United States Magistrate Judge Edward Atkins noted that "the Court will *assume* deficient performance" in its *Strickland* analysis before finding that Duerson's claim failed conclusively at step two. [Record No. 212] But as the Court noted subsequently, Duerson has not shown how counsel's preparation was inadequate. [Record No. 218]

Even still, the Court determines—for the second time—that his instant motion falls outside the bounds of what proper Rule 60(b) motions attempt to remedy. Duerson seeks to attack the resolution of his previous motion on the merits by claiming that the Court should

have conducted a less exacting analysis to determine whether he had been deprived of his Sixth Amendment right.

Although Duerson argues that *Gonzalez v. Crosby*, 545 U.S. 524 (2005), "delineated between a *bona fide* Rule 60(b) motion and a second or successive habeas petition" but this decision does not change the Court's determination. [Record No. 276] In *Gonzalez*, the Supreme Court reaffirmed the basic language of Rule 60(b) and its general operability, noting:

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application.

*Gonzalez*, 545 U.S. at 532.

The Court concluded by emphasizing that "a Rule 60(b)(6) motion . . . is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error." *Id*. at 538. But the Supreme Court limited its holding to Rule 60(b) motions filed by *state prisoners* denied relief under § 2254. *Gonzalez*, 545 U.S. at 529, n.3 ("In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court."). As a federal prisoner, *Gonzalez* does not offer Duerson the relief he seeks.

Ultimately, because Duerson seeks to revisit his "claim" of ineffective assistance of counsel based on what he describes as a mistaken application of the wrong standard, his present motion *must be construed* as a successive petition for relief under Section 2255. Title 28 § 2244(b)(3)(A) provides that, "[b]efore a second or successive application is permitted by this

- 4 -

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This statutory requirement cannot be circumvented by a defendant labeling his motion as a claim for relief under Rule 60(b).

Put simply, Duerson's present motion requires Sixth Circuit authorization to pursue despite his repeated arguments to the contrary. And whether he pursues such authorization is generally his prerogative. But Duerson seeks now to pursue the same claim that the Sixth Circuit previously dismissed for want of prosecution. Transferring the petition at this stage would effectively sidestep the previous ruling dismissing the matter where Duerson sought the same relief. Pursuant to 28 U.S.C. § 2244(a), the Court is not required to entertain an application for a writ of habeas corpus "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application, except as provided in Section 2255." Duerson cannot meet the requirements of Section 2255 because his motion does not claim that new evidence exists or that there has been a retroactive change in constitutional law that would bring his conviction into question. *See* 28 U.S.C. 2255(h)(1)-(2).

Finally, the Court notes that any relief under a true Rule 60(b) motion for a "mistake" of law must be requested within a year. Indeed, the Supreme Court has held that a Rule 60(b)(1) motion seeking relief based on such a mistake must be made "within a reasonable time," which "may not exceed one year." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) ("[A] party may seek relief within one year under Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect."). Duerson filed his current motion on July 18, 2024, or more than a year after the Court originally entered judgment denying his ineffective

assistance of counsel claim pursuant to § 2255 on February 27, 2023.  Therefore, his motion would be untimely even if the Court were not required to construe it as a successive § 2255 motion.

The only other basis for Duerson's motion in Rule 60(b)(6) would be if it were categorized within the catchall provision governing "any other reason" for relief.  This provision, however, applies only in exceptional circumstances, which "rarely occur in the *habeas* context."  *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018).  This is not one of those cases.  Accordingly, it is hereby

**ORDERED** that Defendant Duerson's motion for relief pursuant to Rule 60(b) [Record No. 276] is **DENIED**.

Dated: July 23, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky